## DAUGHDRILL vs. CROSBY.

[DETINUE AGAINST TAX-COLLECTOR FOR GOODS DISTRAINED.]

1. *Lien for taxes.*—The 28th section of the "act to consolidate the several acts of incorporation of the city of Mobile," (Session Acts 1843-4, p. 186,) gives a lien for unpaid city taxes on real estate alone, and not on personal property.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Joseph C. Crosby, George N. Stewart, and William C. Easton, against James H. Daughdrill. The only plea was the general issue. The cause was submitted to the decision of the circuit judge, on the following agreed statement of facts: "One Edwin B. Gould kept a drug-store in Mobile, and was assessed city taxes on his stock of goods for the years 1855, 1856, 1857, and 1858; but the assessments for those years were not paid. Some of said stock was in said store more than four years, but there had been renewals and replenishments of the same annually, and oftener. On the 20th August, 1858, said Gould sold and delivered his entire stock of goods to the plaintiffs, who went into possession on that day, and paid full value for the goods, and had no notice of any tax or assessment being due from said Gould to the city of Mobile. On the 1st October, 1858, the defendant, as tax-collector, levied on the goods sued for, to pay said four years' taxes, due from .Gould as

23

aforesaid; the goods so levied on being a part of said stock of goods in plaintiffs' possession, and the same that had been in the possession of said Gould in his drug-store, through the years 1855, 1856, 1857, and 1858, up to the time of his sale to plaintiffs. The bills for said taxes, and to pay which said levy was made, are hereto annexed, and made a part of this agreed case. It is agreed, that if said goods were subject to the payment of said four years' taxes, by levy of said tax-collector, under the provisions of the acts of incorporation and the ordinances of Mobile, then the court shall enter up judgment for the defendant; otherwise, the judgment shall be rendered for the plaintiffs." On these facts, the circuit court rendered judgment for the plaintiffs; to which the defendant excepted, and which he now assigns as error.

John Hall, for appellant.

W. C. Easton, contra.

A. J. WALKER, C. J.—The 28th section of the act to consolidate the several acts of incorporation of the city of Mobile, is the law upon which is based the argument, that there is a lien for the city taxes upon the personal property assessed in Mobile. That section is as follows: "Such part or portion of the assessed taxes as cannot be collected by the means before stated, shall continue a lien on the *property* assessed, until paid; and the tax-collector shall be authorized, from time to time, to offer and expose to sale, under the foregoing provisions, such lots as shall not have the tax paid thereon; and the same certificates shall be given in cases of any subsequent sale, and similar proceedings shall be had thereon."—Session Acts 1843–4, p. 186. We think the word *property* in this section is qualified by what follows as to the sale of lots, and that the statute was designed to give a lien on real estate alone. The *argumentum ab inconvenienti* affords a strong corroboration to that conclusion; for it would be productive of great difficulty, if articles sold in the progress of trade, were incumbered with a lien for taxes.

Judgment affirmed.